THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Petitioner<br><br>v.<br><br>CARLOS MANUEL COTTO-CRUZ,<br><br>Defendant. | Crim. No. 21-320 (ADC) |

**OPINION AND ORDER**

Pending before the Court is the United States of America's ("government") motion *in limine* to introduce evidence of prior firearm possession pursuant to Fed. R. Evid. 404(b).

For the reasons stated below, the motion *in limine* at **ECF No. 140** is **GRANTED**.

**I.  Procedural background**

On September 5, 2021, a grand jury returned a seven-count indictment charging defendant, Carlos Cotto-Cruz ("defendant") with possession with intent to distribute cocaine, crack, fentanyl, heroin, and marihuana in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), (B) and (D), as well as for possession of firearms and a machine gun in furtherance of a drug trafficking crime in violation of 18 U.S.C. §§ 924(c)(1)(A) and (B)(ii). **ECF No. 1**.

The government has moved the Court to allow the presentation at trial of still photographs taken from a video[1] allegedly depicting defendant holding a semi-automatic pistol on August 17, 2018,[2] three years before the defendant was arrested and indicted in this case. **ECF No. 140**. The government argues that the content of the images is admissible under Fed. R. Evid. 404(b) as it is relevant to establish defendant's familiarity with firearms which, "in turn, is probative of his knowledge of the characteristics of a machinegun he possessed on May 7, 2021." *Id*., at 1.

Defendant raised several arguments in response. **ECF No. 154**. First, he argued that the contents of the video or the still photographs thereof should be excluded as unfairly prejudicial. In support, he made reference to another case where the video was excluded under unfairly prejudicial grounds. **ECF No. 154** at 2 (citing Crim No. 22-213(ADC), ECF No. 1697). Without much discussion, defendant suggested that the reasons for exclusion of the video in Crim No. 22-213(ADC) call for the same result in this case. To wit, that it was an "isolated incident of an argument at a gas station" and that it was "inflammatory." *Id*., at 2.[3] Finally, defendant sustained that the proposed evidence "has no special relevance to the present case." *Id*., at 3.

---

[1] Originally, the government moved to admit a sanitized version of a video of the incident. The sanitized cut of the video would not show any firing of a weapon or injury to another person or property. However, during the government's oral argument and proffer to the Court, it indicated that it would instead move to admit four still photographs taken from the video, which were included in their motion at **ECF No. 140**.

[2] According to the defendant, the video constituted "evidence [] from case 19-381." **ECF No. 154 at 2**, s*ee* Crim. No. 19-381(ADC). On October 16, 2023, the government in that case filed a motion to dismiss pursuant to Fed. R. Crim. P. 48(a). Crim. No. 19-381, ECF No. 61. Judgment of dismissal was entered on October 19, 2023.

[3] The admissibility of evidence is made on a case-by-case basis. In Crim. No. 22-213 the government sought to introduce the entire video depicting defendant possessing, firing, and shooting (killing) an individual. The

On July 31, 2024, the government filed a reply. **ECF No. 172**. The government reiterated its intention to present to the jury only a narrow version of the incident omitting the more prejudicial portions of the same (the actual firing of the weapon and bullets striking another person or property). It also urged the Court to take note of the differences with which the video was proposed in this case vis a vis in defendant's conspiracy case in Crim. No. 22-213. *Id*.

These motions were discussed in open Court on February 27, 2025, and during a meeting with the attorneys on the first day of trial on March 10, 2025. **ECF No. 196**. As noted before, the government modified its initial proffer of evidence and now seeks only the admission of four still photographs of the video limited to the portions of the video showing defendant walking at night time, into the convenience store of a gas station and later through the parking lot of the gas station while carrying a weapon in his hand.[4] The government intends to authenticate the photographs with the testimony of the law enforcement officer that investigated the incident in the gas station in 2018 and to identify the defendant as the person depicted in the photographs through the testimony of another law enforcement officer that "has known" and/or "intervened" with defendant since 2013. The government seeks to admit into evidence the contents of the four photographs as evidence relevant to the government's burden under 18 U.S.C. § 924(c)(1)(B)(ii). Specifically, the government intends to prove defendant familiarity with

---

proffered content of the sanitized video and the purpose for which it or the pictures are offered into evidence are entirely different in the case at bar.

[4] At the pretrial conference, the government indicated that the video was to be edited to exclude the firing of the weapon and the actual shooting of an individual. No reference to the shooting incident will be made by prospective government witnesses.

firearms prior to the day of his arrest which may, in turn, be indicative and probative of defendant's knowledge of the characteristics that make a weapon a machinegun. The later bearing on the element of the offense for which defendant stands charged.

The defense objected during the hearing and argued that the proffered evidence is not relevant and remains unfairly prejudicial under Fed. R. Evid. 401 and 403. Defendant also asserts that introducing the video and having defendant identified as the person in the video through the testimony of a law enforcement officer creates additional prejudice before the jury, which may, as a result, engage in speculations about other illegal conduct in which Cotto-Cruz may or could have been involved.

On March 7, 2025, defendant filed yet another motion without securing prior leave. **ECF No. 207**. In its most recent filing, the defendant cites two recent cases that discuss Fed. R. Evid. 403 in other contexts and under a set of facts that are not related to any of the offenses charged in this case. *Id.*, at 1-2 (citing "*Andrew v. White*, 604 U.S. ___ (2025)" and "*U.S. v. Villa-Guillen*, 102 F.4th 508 (2024)"). *Id.*[5] The defendant also challenged the admission of the at-issue evidence contending that any cross-examination of the witnesses proposed by the government to introduce the photographs can only prejudice defendant, thus curtailing his right to an effective confrontation of the witnesses against him. *Id.*, at 5-6.

---

[5] Aside from the fact that the cases included a general discussion of Federal Rules Evidence, defendant does not point to any portion of the cases of particular relevance to the issues in this case or the offenses he is charged with.

## II. Discussion

Under 18 U.S.C. § 924(c)(1)(B)(ii), the government must establish "that the defendant (1) possessed a machinegun (2) in furtherance of (3) a drug trafficking crime and… (4) that the defendant knew that the firearm he possessed had the characteristics that brought it within the definition of a machinegun." *United States v. Pérez-Greaux*, 83 F.4th 1, 26 (1st Cir. 2023). A fully automatic pistol is considered a machine gun for the purposes of the statute at issue here, 18 U.S.C. § 924(c). *United States v. O'Brien*, 542 F.3d 921, 922 n.1 (1st Cir. 2008) ("Although the definitional section governing section 924(c) does not separately define machinegun, the term has been widely taken to mean a fully automatic weapon that fires continuously with a single pull on the trigger."); *see also United States v. Morales-Vélez*, 100 F.4th 334, 340 (1st Cir. 2024).

Relevant here is the knowledge requirement. As recently held by the First Circuit, the government needs to present "sufficient evidence for a jury to establish that [defendant] knew that the firearm he possessed had the characteristics of a machinegun." *Pérez-Greaux*, 83 F.4th at 26. In order to meet that bar, "the requisite *mens rea* may be established by circumstantial evidence. And while individual pieces of evidence viewed in isolation may be insufficient in themselves to prove a point, in cumulation they may indeed meet the mark." *Id*. (cleaned up).

### A. Fed. R. Evid. 404(b)

Defendant does not meaningfully challenge that the at-issue evidence falls squarely within Fed. R. Evid. 404(b). Generally, evidence is "not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character,"

unless it is being offered for another purpose, such as to show, *inter alia,* "motive, opportunity, intent, preparation, plan, knowledge," and meets two requirements. *United States v. Varoudakis*, 233 F.3d 113, 122 (1st Cir. 2000); *United States v. De La Cruz-Feliciano*, 786 F.3d 78, 89 (1st Cir. 2015); Fed. R. Evid. 404(b)(2). These two requirements are, first, that the evidence have "special relevance to an issue in the case such as intent or **knowledge**, and must not include bad character or propensity as a necessary link in the inferential chain." *Id.* (quoting *United States v. Frankhauser*, 80 F.3d 641, 648 (1st Cir. 1996)(emphasis added)). Second, that it is not excludable under Fed. R. Evid. 403. Which would occur "if its probative value is substantially outweighed by the danger of," in relevant, "unfair prejudice." Fed. R. Evid. 403.

Here, the need to present evidence of defendant's familiarity with firearms is not pure government whim. It is highly probative to the "knowledge" requirement of 18 U.S.C. § 924(c)(1)(B)(ii), an element of the offense.[6] *See Pérez-Greaux*, 83 F.4th at 26. This *mens rea* requirement "may be established by circumstantial evidence, which includes external indications signaling the nature of the weapon." *United States v. Torres-Pérez*, 22 F.4th 28, 32–33 (1st Cir. 2021). The First Circuit has focused "two factors to determine the probative value of prior bad act evidence: the remoteness in time of the other act and the degree of resemblance to the crime charged." *U.S. v. Varoudakis*, 233 F.3d 113, 119 (1st Cir. 2000).

---

[6] "[T]he threshold for relevance is low, and it permits the introduction of evidence that has any tendency to make a fact more or less probable." *U.S. v. Villa-Guillen*, 102 F.4th 508, 517 (1st Cir. 2024) (quoting *Ward v. Schaefer*, 91 F.4th 538, 544-45 (1st Cir. 2024) and Fed. R. Evid. 401)).

The content of the photographs constitutes circumstantial evidence that could lead a reasonable juror to infer that by having previously held a semi-automatic pistol three years before the arrest, defendant should know of the exterior modifications or alterations to the otherwise semi-automatic pistol seized in this case. To be sure, it is more probable than not that a person that has previously handled a semi-automatic pistol would know of the characteristics of a pistol that has been altered to come within the meaning of a machine gun under the applicable statute. Thus, defendant's familiarity with firearms, machineguns or not, is highly probative here.[7] *See United States v. Moore*, 97 F.3d 561, 564 (D.C. Cir. 1996) (finding that a jury could conclude defendant was aware weapon was a sawed-off shotgun where evidence included, among other factors, defendant's admission that he had handled weapon prior to shortening of the gun's barrel); *United States v. Mains*, 33 F.3d 1222, 1230 (10th Cir. 1994) (defendant's involvement in sawing off shotgun was evidence he knew gun's characteristics); *United States v. Addison*, No. 23-118, 2025 WL 388853, at *2 (W.D. Pa. Feb. 3, 2025)(synthetizing the holding in *Pérez-Greaux* as one "finding evidence that the defendant handled a firearm would tend to establish that the defendant knew that it had been altered to fire automatically."). Even if a heightened standard applied given that the photographs arguably show an illegal act, which Fed. R. Evid. 404(b) certainly does not require, the strong and direct connection between

---

[7] Defendant cites no authority holding the contrary nor does he present any meaningful argument to conclude otherwise. As a matter of fact, defendant only superficially claims that this type of evidence is not "relevant" but his only argument in that direction hinges on the "possession" element of the 924(c)(1)(B)(ii) as opposed to the "knowledge" element at issue here. *See* **ECF No. 207** at 5 ("…the fact that [defendant] possessed a weapon as depicted in the video (which we deny), does not have any relevance to show that he possessed a machinegun on May 7, 2021. The video is clearly irrelevant….").

having handled a semi-automatic pistol and having knowledge of a pistol's alterations or modifications to make it a machinegun clears that bar. *U.S. v. Allen*, 630 F.3d 762, 765 (8th Cir. 2011)(citing Eight Circuit cases imposing a "heightened standard" for "prior crime" evidence); *but see* Fed. R. Evid. 404(b)(making no such distinction).

Thus, the Court turns to see "if its probative value is substantially outweighed by the danger of," in relevant, "unfair prejudice" pursuant to Fed. R. Evid. 403. *See United States v. Varoudakis*, 233 F.3d at 122.

**B.      Fed. R. Evid. 403**

Defendant argues that any probative value the content of the photographs may have, will be outweighed by its potential prejudice. Indeed, his core argument (in his most recent motion filed on March 7, 2025) is that admitting evidence "of an event in which [defendant] allegedly shot a firearm is irrelevant to the present case, and even if it has some evidentiary value, its admission will be so unduly prejudicial that it would render his trial fundamentally unfair, in violation of his right to a Due Process." **ECF No. 207** at 1. However, this characterization rests on the wrong premise. As discussed before, the government proffered that the evidence would not include any firing of a weapon, shots, or gunshot wounds of any kind. Thus, his understandable fear of the effect a video or photographs thereof depicting him shooting a weapon in a public place would have on a jury is ultimately misplaced.

Even if the Court construed his argument to concern the content of the four photographs and the witness' potential testimony concerning the video and how the government can identify

defendant, it would fare no better. To wit, defendant's most powerful argument suggests that "if the jury has access to that evidence they will be confused as to what they will be ruling on. There is a danger that the jury may understand that [defendant] is guilty of the present case because they found that he had a weapon in the past." **ECF No. 207** at 5.

Under this scenario, the Court must conduct a balance of the interests at hand: probative value and prejudice. At the outset, the Court notes that "Rule 403 tilts the balance in favor of admission." *United States v. Rivera*, 83 F.3d 542, 545 (1st Cir. 1996). Once a district judge's ruling is final, the First Circuit "give[s] great deference to a district judge's balancing of probative value versus unfair prejudice... This is true even when a judge does not expressly explain the Rule 403 balancing process on the record." *United States v. Breton*, 740 F.3d 1, 14 (1st Cir. 2014); *see also United States v. Trenkler*, 61 F.3d 45, 52 (1st Cir. 1995).

The Court finds that the prejudice defendant may sustain by the admission of the video is not unfair when compared to the probative value of the proposed evidence. *United States v. Polaco-Hance*, 549 F. Supp. 3d 231, 233–34 (D.P.R. 2021)(holding that photos and videos of defendant "have special relevance" in section 922(o) case because the government must prove that defendant knew that the modified pistol had the characteristics to bring it within the statutory definition of a machinegun and that the videos included the "sound of quickly firing bullets, consistent with the discharge of an automatic weapon."); *see also United States v. Mills*, 767 Fed. Appx. 877, 880 (11th Cir. 2019)(photographic evidence of a man's arm holding a firearm that appeared similar to the one discovered at the time of the arrest was relevant to an issue

other than the defendant's character since it demonstrated that the defendant "had knowledge of this type of firearm"); *United States v. Bumagin*, 136 F. Supp. 3d 361, 370 (E.D.N.Y. 2015) (allowing evidence of a defendant's prior conversation with confidential informant regarding firearms possession under Fed. R. Evid. 403).

In reaching its determination, the Court notes that defendant's familiarity with firearms three years prior[8] to the arrest (along with any other evidence the government presents) is highly probative of his knowledge that the characteristics of the firearm are those of a machinegun. His previous familiarity with the semi-automatic pistol allegedly featured in the video (or still pictures) and the evidence that a rifle (aside from the modified pistol) was also seized after defendant's arrest, on their own or in the cumulative (with other evidence as well, if any), could convince a reasonable juror that defendant had knowledge of the characteristics of the machinegun that he is accused of possessing.

The parties have not presented or otherwise argued that the there is less prejudicial evidence available to prove defendant's knowledge of the characteristics of pistol altered or modified to operate as a machinegun. *See U.S. v. Varoudakis*, 233 F.3d at 122(requiring court to evaluate the totality of the circumstances, including the government's need for the evidence given other available testimony or evidence). To the contrary, as far as the arguments and proffer of evidence goes, it would seem that the government has a strong need for this evidence.

---

[8] *See United States v. Michel*, 446 F.3d 1122, 1131 (2006) (discussing the brief nature of the defendant's encounter with the weapon to explain why there was not sufficient evidence to prove beyond a reasonable doubt that the defendant was familiar with the characteristics of that weapon).

Moreover, the video will not depict any *per se* unlawful conduct by the defendant (holding a firearm), will not show any type of conduct that without further context would, in the mind of a juror, represent danger to the community, nor will it show any violence or harm to persons or property. Any potential harm will further be minimized by providing the jury with a limiting instruction.

As to the witness' testimony for purposes of introducing the video on trial, it suffices to note that the First Circuit has rejected arguments of unfair prejudice of testimony of law enforcement officers mentioning a defendant when other less prejudicial evidence available to the government would have done just fine in its stead. In *United States v. Whitney*, 524 F.3d 134, 136 (1st Cir. 2008), defendant was charged with making a false statement when he previously denied being under a protective order from a court. He moved *in limine* to exclude the testimony of the law enforcement officer's knowledge of defendant's pre-indictment arrest. He argued that other evidence aside from the arrest itself was available and that the less prejudicial evidence that "adequately established his knowledge of the protective order" could have been used at trial instead.[9] *Id*., at 137. District Judge Brock Hornby ruled that the government was entitled to present the evidence it deemed "most persuasive." *Id*., at 141. The First Circuit affirmed. Contrary to *Whitney*, the parties have not identified any alternative to the proposed evidence and testimony, nor has defendant suggested that he would be amenable to reach some sort of

---

[9] To wit, state court records of the protective order, testimony of the deputy who served the protective order upon defendant, and statements he gave.

stipulation to avoid what he considers the more prejudicial aspects of the testimony or photographs—which he is not required to do, given that he is the master of his defense. In any case, as instructed below, the testimony will be fairly limited to only the bare essentials and will avoid any suggestion of prior illegal conduct from the defendant.

Defendant also raised an argument noting the potential perils of opening the door to unfairly prejudicial testimony of prior bad acts via cross examination. Thus, he vaguely suggested, allowing the government to present the video will curtail his constitutional rights under the Due Process and Confrontation clauses of the United States Constitution. *See* **ECF No. 207**. This argument, however, is waived as wholly undeveloped. *See United States v. Zannino*, 895 F.2d 1, 17 (1990)("It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones."). Although the Court was willing to address other undeveloped arguments by the defendant, it need not and will not do the same for direct constitutional challenges. The Court will briefly remark, however, that the fact that the defense needs to be very careful with the questions it presents to the government's witnesses on cross-examination is only normal. Indeed, "by design all evidence is meant to be prejudicial." *United States v. Varoudakis*, 233 F.3d at 122.

In any event, the Court will provide limiting or cautionary instructions to the jury and will instruct the government to define and limit the scope of its questions to the witness to cover

the questions necessary to achieve its purposes: authentication of the video or photographs and defendant's identification within.

### III. Conclusion

In light of all the above, the motion *in limine* at **ECF No. 140** is **GRANTED. As a cautionary measure:**

- The government shall refrain, as much as possible, from posing questions that could be interpreted by the witness as eliciting information that include the terms: arrest, "intervenir" ("intervene" or other possible translation of that term), rather the government may consider alternate terms such as "met with"; "spoke to/with"; "interviewed" or any other term that will not invite the jury to engage in speculation or unfairly prejudicial conclusions.

- Consistent with the government's statements at the pre-trial conference, the witness will not make reference to any underlying illegal conduct for which defendant may have been charged or investigated for. Counsel for the government is expected to clearly instruct its witness accordingly.

- The parties are **ORDERED** to file proposed limiting instructions on this issue no later than **March 12, 2025 at noon**.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 10th day of March, 2025.

**S/AIDA M. DELGADO-COLÓN**
**United States District Judge**